UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1293(DSD/SRN)

Taylor Corporation,

Plaintiff,

v.

**ORDER**

Four Seasons Greetings LLC,

Defendant.

Laura J. Hein, Esq., Gina M. Tiefenthaler, Esq. and Gray Plant Monty & Bennett, 3400 City Center, 33 South Sixth Street, Minneapolis, MN 55402, counsel for plaintiff.

James B. Sheehy, Esq., Sheehy Law Office, 247 Third Avenue South, Suite 6, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court on defendant's motion for a stay of the preliminary injunction pending appeal. Based on a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion.

**BACKGROUND**

Plaintiff Taylor Corporation ("Taylor") creates, produces and sells greeting cards bearing original decorative designs. Plaintiff owns copyrights for many of its greeting card designs, including those for the six greeting cards in dispute in this

FILED 1-30-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. __________
Deputy Clerk's Initials ______

matter. These six designs are entitled "Wreath with Verse," "Pencil Sketch Farm," "Colored Presents," "Ribbon of Flags Around Globe," "Three World of Thanks Globe Ornament" and "Thanksgiving Cart" (collectively, "plaintiff's designs"). In compliance with the copyright laws of the United States, plaintiff registered each of these designs with the United States Copyright Office on June 25, 2001 and August 3, 2001, and received United States Certificates of Registration Nos. 1,083,918, 1,083,919, 1,0083,920, 1,088,498, 1,088,499 and 1,088,497. (Schmidt Aff. ¶ 5.)

In its motion for a preliminary injunction, plaintiff asserted that defendant Four Seasons Greetings LLC ("Four Seasons") violated federal copyright laws by producing and selling certain greeting cards bearing designs (collectively, "defendant's designs") that are substantially similar to plaintiff's designs. Defendant, which competes directly with plaintiff for customers and sales, argued that its cards were not copied from any of plaintiff's designs. Defendant further asserted that the cards in dispute involve themes, techniques and concepts that are common in the industry and claims that plaintiff cannot monopolize them. Defendant also claimed that plaintiff was improperly attempting to monopolize individual artist's styles.

Plaintiff demanded that defendant cease and desist from the further production and sale of defendant's designs, but defendant refused to comply with that demand. Plaintiff contended that

defendant's actions with regard to defendant's designs were without plaintiff's permission, license, or consent. As a result, plaintiff requested that the court issue a preliminary injunction. The court granted plaintiff's motion for a preliminary injunction. Defendant now moves the court to stay the preliminary injunction. For the reasons stated, the court grants defendant's motion.

**DISCUSSION**

Rule 62(c) of the Federal Rules of Civil Procedure provides that a district court "in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal." There are four factors to be considered in deciding whether to grant a stay of an injunction pending appeal under Rule 62(c): (1) whether the movant has made a strong showing that it is likely to succeed on the merits, (2) movant will be irreparably injured absent a stay, (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding and (4) where the public interest lies. Standard Havens Prod., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512 (Fed. Cir. 1990)(quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 LED.2d 724 (1987)). Based on a review of all four factors, the court grants defendant's motion for a stay of the preliminary injunction.

The first factor includes an analysis of whether defendant is likely to succeed on the merits of the appeal and whether or not

the appeal presents a substantial and novel legal question. Ben Oehrleins and Sons and Daughters et. al. v. Hennepin County, 972 F. Supp. 348, 350 (D. Minn. 1996)("In considering this factor, the focus is not necessarily on whether the applicant has shown a likelihood that its appeal will be successful, although this is relevant, but whether the order involves the determination of substantial and novel legal questions.") The court concludes that the latter consideration favors a stay of the injunction.[1]

As the court stated in its order granting the preliminary injunction, the Eighth Circuit has not clearly stated how the *scenes a faire* doctrine should be applied in this circuit. In particular, the Eighth Circuit has not addressed the issue of whether the merger and *scenes a faire* analysis affects copyright validity or is a defense to infringement. Because that question involves the determination of a substantial legal matter, the first factor weighs in favor of granting of a stay of the injunction pending the appeal.

Second, defendant has established that it will suffer irreparable harm if the court does not stay the injunction. In particular, defendant has illustrated that, not only will it lose sales if the injunction is not stayed, but it will also lose

---

[1] The court notes that the first consideration, the likelihood of success on the merits on appeal, favors plaintiff. This factor, however, is outweighed by the several other factors which favor defendant.

customer confidence. As defendant suggested in its motion, this loss of confidence may extend far beyond the six cards at issue because customers may refuse to do business with defendant again in the future. Because the hardship defendant will suffer could threaten defendant's viability, the court concludes that this factor weighs in favor of staying the injunction. See Susan M. Maxwell v. J. Baxter et. al., 879 F. Supp. 1012, 1014 (D. Minn. 1995)(considering whether the alleged harm threatens party's business viability).

Third, the balance of harm weighs in defendant's favor. While plaintiff made a prima facie showing of copyright infringement in its motion for a preliminary injunction and therefore was entitled to a presumption of irreparable harm, West Publ'g v. Mead Data Cent., Inc., 799 F.2d 1219, 1229 (8th Cir. 1986), that presumption is rebuttable. In plaintiff's memorandum opposing defendant's motion to stay the preliminary injunction, plaintiff states "from Taylor Corporation's perspective, it is the very fleeting nature of the holiday card selling season that makes the preliminary injunction remedy so essential here...." (Pl.'s Mem. Opp. Mot. Stay Prelim. Inj. Pending Appeal at 6.) Because the greeting cards at issue contain Thanksgiving and Christmas holiday designs and because these holidays have now passed, the threat of irreparable harm to plaintiff is significantly less than when the court decided

its motion for a preliminary injunction and the balance of harm therefore weighs in defendant's favor.

Finally, defendant argues the public interest is best served by maintaining the status quo. The court concludes that this factor weighs in defendant's favor under these circumstances. The court therefore grants defendant's motion for a stay of the preliminary injunction pending appeal.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that defendant's motion to stay the preliminary injunction pending appeal is granted.

Dated: January 30 2002

David S. Doty, Judge
United States District Court