UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Taylor Corporation, Plaintiff, vs. Four Seasons Greetings LLC, Defendant. | Court File No. 01-CV-1293 DSD/SRN |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c), Fed. R. Civ. P., Plaintiff Taylor Corporation ("Taylor") and Defendant Four Seasons Greetings, Inc. ("Four Seasons"), through their respective counsel of record, hereby stipulate and agree, subject to the approval of the Court, to the following procedures to be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with this Court.

1. Definitions.

(a) As used herein, the words "document" and "documents" include the whole or any page or specific portion of (i) any written, printed or graphic matter, any computer record or tape, or any copy, extract and complete or partial



8-15-02

summary prepared therefrom, or (ii) any deposition transcript or exhibit thereto.

(b) As used herein, the terms "court paper" and "court papers" include any pleading, brief, memorandum or other writing filed with the Court or served upon a party, including any discovery response or any exhibit thereto.

(c) As used herein, the term "information" includes writings, knowledge, communications, or other works that can be obtained from a review, inspection or testing of documents, court papers or things.

2. Documents and information may be designated by a party as "Confidential" if in the discretion of the producing or testifying party it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, marketing, financial, pricing, technical or trade secret nature or to involve privacy interests of employees. If a party properly obtains information from a third party not under an obligation of confidentiality to any other party, such information need not be treated as "Confidential".

3. A party wishing to designate a document (other than deposition testimony), thing or court paper as "Confidential" shall mark it as such prior to production or service of same, except that documents and things made

available for inspection may be designated "Confidential" either orally or in writing prior to or during inspection. Such documents and things may be re-designated as non-confidential or "Confidential" at the time of production. As to deposition testimony, parties and deponents may designate all or portions of the testimony and exhibits to the deposition as "Confidential" either by a statement on the record at the time of the deposition examination or in writing within 14 days of receipt of the transcript. Documents and things already designated as "Confidential" which are used as exhibits shall remain as such. Post-deposition designations shall be specific by page and exhibit. Until expiration of the 14-day designation period, the entire transcript with exhibits shall be considered "Confidential" and protected from disclosure under this Order.

4. Information designated as "Confidential" shall be used solely for the purpose of this litigation, and for no other purpose.

5. Information designated as "Confidential" shall be disclosed only to the following persons:

a) Outside attorneys of record for any party and stenographic, clerical and paralegal employees or independent contractors (e.g., photocopiers, translators,

interpreters, etc.) of such attorneys, provided that outside attorneys of record in this case shall limit disclosure of "Confidential" information to (A) those specific attorneys who have entered any appearance in this case, or (B) paralegals and support staff working directly for them on this case;

b) In-house counsel of a party who needs access to such information solely for the purposes of this litigation, who, prior to the disclosure to them of such information, have executed an agreement to be bound by this Order in the form attached hereto as Exhibit A.

c) Any independent expert or consultant retained by or at the request of counsel described in paragraph 5(a) and their employees whose duties and responsibilities require access to materials designated "Confidential";

d) The Court and any of its respective personnel;

e) Each court reporter who takes testimony;

f) Each person or firm retained by plaintiff or defendant for the purpose of producing graphic or visual aids, and who executes an acknowledgment of this Order and an agreement to be bound by such Order in the form attached

hereto as Exhibit A before any material designated "Confidential" is disclosed to such person or firm; and

g) Other persons that counsel for the parties may agree to, provided that such persons sign an acknowledgment in the form attached hereto as Exhibit A.

6. Any person who makes any disclosure in confidence as permitted under this Order of "Confidential" information shall advise each person to whom such disclosure is made of the terms of this Order. The persons described in paragraph 5 are enjoined from disclosing "Confidential" information to any other person except in conformity with this Order. The persons described in paragraph 5(b) and (c) above must execute an acknowledgment of this Order and an agreement to be bound by such Order in the form attached hereto as Exhibit A, before disclosure permitted under paragraph 6 is made. Prior to seeking resolution by the Court of any disagreement as to matters within the scope of this paragraph, the parties shall meet and confer promptly and in good faith in an effort to resolve such disagreement, and, failing resolution, they shall cooperate without delay in the submission of the issue to the Court.

7. Any portions of deposition transcripts, exhibits thereto, or other documents that have been designated as "Confidential: and any portions of any briefs, memoranda, or other writings filed with the court that contain or reflect the content of any information designated as "Confidential" must be filed under seal. When one party has made a filing under seal, the other party shall treat its service copy as "Confidential". Filings under seal shall bear the designation "Confidential - Filed Under Seal." All Court proceedings during which "Confidential" information is likely to be revealed shall be held in camera, as to the portion of the hearing, unless the Court orders otherwise.

8. Non-parties, including witnesses, who provide discovery in this action may invoke all provisions of this Protective Order as to that discovery, and the parties to this Order will treat all information designated by such non-parties as "Confidential", as the case may be, in accordance with the terms of this Protective Order.

9. a) If a party through inadvertence produces a document or thing that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of

attorney-client privilege or work product immunity and request that the document or thing be returned to the producing party. The receiving party shall return such document or thing to the producing party within three business days from the date said written notice is received. Return of the document or thing by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document or thing has been improperly designated or should be producible for any reasons other than a waiver caused by the inadvertent production. Once written notice of a claim of inadvertence has been received, the receiving party cannot use the inadvertently disclosed document for any purpose other than a motion or letter to the Court on that document.

b) If a party through inadvertence produces or provides discovery of any confidential information without designating them "Confidential" as provided in paragraphs 2 through 4 of this Protective Order, the producing party may give written notice to the receiving party or parties that the information is "Confidential" and should be treated in accordance with the provisions of this Protective Order. The

receiving party or parties must treat such information as designated "Confidential," from the date that such notice is received. In addition, the receiving party shall return to the producing party said information within three business days from the date said written notice is received and the producing party shall reproduce such information with the designation "Confidential" on them. Disclosure of such information prior to receipt of such notice to persons not authorized to receive such information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential", as the case may be, and must be treated in accordance with this Protective Order.

10. Nothing in this Order shall be construed to prevent any party from objecting to any "Confidential" designation as outside the scope of Fed. R. Civ. P. 26(c)(7). The objecting party shall seek to reach agreement with the designating party to withdraw the designation; if agreement cannot be reached between counsel of record, the objecting party may seek an Order removing the designation from specified documents, things or court papers. On any motion to remove the designation from specific documents, the designating party shall have the burden of proving that the

information designated as "Confidential" is, in fact, "Confidential" within the terms of this Order.

11. Any information that is the subject of a "Confidential" designation or any filing made under seal to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the parties or ruled on by the Court.

12. Nothing contained in this Order shall be construed to limit any party's rights to use, in taking depositions of a party, its employees or its experts or in briefs or at trial or in any proceeding in this litigation, any "Confidential" information, or to disclose a "Confidential" document, thing, court paper or any information contained therein to a deposition witness who either wrote, received or lawfully has or had access to such information; provided, however, that any "Confidential" information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order. Any party may request that the Court receive designated information in camera or under other conditions to prevent disclosure.

13. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

14. Any party who has designated any information as "Confidential" pursuant to this Order, may consent that the "Confidential" status of such information be removed by written notification to opposing counsel of record or by statements on the record at any hearing or deposition. These shall be the only methods by which such consent may be manifested.

15. At the conclusion of this litigation, all "Confidential" information produced by any party and any copies thereof, shall be returned by counsel of record to the party that produced the information, with a sworn certification that all such information has been returned or, alternatively, counsel of record may submit a sworn certification that all such information has been destroyed. Receiving outside counsel may retain copies of court papers; may retain documents, things, copies and samples to the extent they include or reflect receiving attorney's work product; and may retain one copy or sample of all materials designated "Confidential" for reference in the event of disputes over the use or disclosure of such information.

16. Nothing herein shall prevent any party, on notice to all other parties, from applying to the Court for a modification of this Order.

Dated: 1/14, 2002

Consented to by:

Laura J. Hein
Grey, Plant, Mooty, Mooty
and Bennett, PA
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800

*Attorney for Taylor Corporation*

Kathleen A. Rheintgen
Welsh & Katz, Ltd.
120 S. Riverside Plaza
22nd Floor
Chicago, Illinois 60606
Telephone: (312) 655-1500

*Attorney for Four Seasons Greetings LLC*

SO ORDERED:

Dated: 8/15, 2002

David S. Doty
United States District Judge

**EXHIBIT A**

**AGREEMENT RE: PROTECTIVE ORDER**

1. I understand that I will be serving as an expert or consultant for ____________ in connection with the lawsuit entitled *Taylor Corporation vs. Four Seasons Greetings LLC Civil Action No. 01-CV-1293 (United States Court for the District of Minnesota)* ("the Action").

2. I am aware that a Protective Order dated ________, 2002 has been entered in the Action. I have been provided with a copy of, and I have read and understand, the Order.

3. I agree that I will use any document, thing or court paper designated as "Confidential" provided to me in connection with my work in the Action only for the purposes of such work and that I will not under any circumstances disclose or discuss such "Confidential" document, thing or court paper to or with anyone other than the persons permitted to receive such information under paragraph 7 of the Protective Order.

DATED: ______ ________, 2002

______________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.