**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Taylor Corporation,** **Civil No. 01-1293(DSD/SRN)**

**Plaintiff,**

**v.**

**ORDER**

**Four Seasons Greetings, LLC**

**Defendant.**

---

Laura J. Hein, Esq., on behalf of Plaintiff.

James B. Sheehy, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on April 25, 2003, on Defendant's Motion to Compel Production of Documents (Doc. No. 49).

This Order addresses that motion.

## I. FACTUAL BACKGROUND

In the present case, Plaintiff Taylor Corporation (Taylor) alleges that six of Defendant Four Seasons Greetings, LLC (Four Seasons)'s holiday greeting cards infringe its copyrights. Taylor did not create any of the six designs, instead it acquired them early in the year 2000 from another greeting card manufacturer, Creative Card Company. All six of these designs were created by artists who are now employed by Four Seasons.

On October 31, 2001, The Honorable David S. Doty, United States District Judge for the District of Minnesota, granted Taylor's motion for a preliminary injunction with respect to all six

FILED JUL 0 1 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of the designs in question. On January 15, 2003, The Eighth Circuit affirmed Judge Doty's ruling.

On February 20, 2003, Four Seasons served upon Taylor's counsel deposition notices for Patricia Savig, Jean Anderson, Lisa Wolf, and John Schmitt. Four Seasons also demanded that each deponent produce the following list of documents:

1. All documents, including e-mail communications, memoranda, faxes, notes and the like that refer to or relate to Four Seasons Greetings, LLC and/or Bill Dustin.

2. All documents, including e-mail communications, memoranda, faxes, notes and the like that refer to or relate to the allegations of copyright infringement against Four Seasons Greetings, LLC.

3. All documents, including e-mail communications, memoranda, faxes, notes and the like relating to the investigation and/or the decision to file the lawsuit against Four Seasons Greetings, LLC in this action.

4. All documents and things relating to Aleta Brunettin during her employment at Taylor Corporation and/or Creative Card Company including her personnel file, resume, artist portfolios, card specimens and the like.

5. All documents and things relating to Michael Shelton during his employment at Taylor Corporation and/or Creative Card Company including his personnel files, resume, artist portfolios, card specimens and the like.

6. All documents and things relating to Frank Stockmal during his employment at Taylor Corporation and/or Creative Card Company including his personnel files, resume, artist portfolios, card specimens and the like.

7. All documents and things, if any, that this deponent relies on to support the allegations of alleged copyright infringement in this action.

Taylor objected to all of these demands on the bases that they were overly broad and unduly burdensome, and that they sought information protected by the attorney-client privilege or work-product doctrine.

## II. DISCUSSION

### A. <u>Relevance Standard.</u>

Federal Rule of Civil Procedure 26(b)(1) provides:

> In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . The information sought need not be admissible at the trial if the information appears reasonably calculated to lead to the discovery of admissible evidence.

The Eighth Circuit has considered the breadth of Rule 26 and the possible abuses discovery requests which can result from it.

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692 (D. Minn. 1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), *Culligan v. Yamaha Motor Corp., USA*, 110 F.R.D. 122 (S.D. N.Y. 1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

<u>Hofer v. Mack Trucks, Inc.</u>, 981 F.2d 377 (8th Cir. 1992).

**B. The Parties' Positions.**

Defendant argues that the Court should order immediate production of the documents together with a privilege log as to any documents withheld on the grounds of privilege. Defendant explains that it is the only remaining card publisher in the area that has not been acquired by Plaintiff. It believes Plaintiff had motives for bringing the current case beyond any concerns over copyright infringement. Therefore, Defendant argues that documents concerning how the creative personnel working for Plaintiff viewed the alleged infringement are relevant. Specifically, Defendant wishes to demonstrate to the jury that Plaintiff did not actually care about infringement. It adds that this evidence may also be relevant to the defense of independent creation.

Plaintiff initially responds that the document requests were served untimely and were otherwise procedurally defective. In addition, each of the document requests identified broad categories, which according to Plaintiff, are irrelevant. Plaintiff explains that the present case concerns copyright infringement, and the motives and opinions of artists with no legal knowledge of copyright are irrelevant as to infringement. Further, Plaintiff asserts that its own motives for bringing the present suit are irrelevant for trial or discovery. In addition, Plaintiff observes that both Judge Doty and the Eighth Circuit have already ruled that its case has merit.

Nevertheless, Plaintiff explains that during the deposition of John Schmitt, Defendant was informed that the decision to bring the present case was based on the advice of counsel. Moreover, according to Plaintiff, Schmitt's documents and opinion as to infringement are the only ones that will matter, because all of the other deponents were artists with no knowledge of copyright law. Plaintiff's counsel states that she has now produced all of Schmitt's responsive

documents except for three or four documents that involved communications with counsel. During the April 15, 2003 hearing, Plaintiff's counsel also stated that she would provide a privilege log within 10 days for the withheld documents. Consequently, Plaintiff states that there are no additional documents concerning infringement that are not privileged.

### C. <u>The Court's Order.</u>

The Court denies Defendant's motion in part and denies it as moot in part. The Court denies Defendant's motion as moot with respect to Schmitt's documents. As the former President of Plaintiff's imprinting group, Schmitt played a role in the decision to initiate the present case. Schmitt testified during his deposition that the decision was made based on the recommendation of Plaintiff's attorneys. In addition, Plaintiff represented to the Court that it has now produced all of Schmitt's responsive documents which were not privileged, along with a privilege log for those documents that were withheld. Therefore, Defendant has now received whatever potentially relevant information and documents exist with respect to Schmitt.

The Court denies Defendant's motion with respect to the rest of the documents Defendant has requested. It is questionable whether Plaintiff's motives in bringing its infringement claim are relevant at all to the determination of the present case. Even if those motives are relevant, the Court is not persuaded that there is any relevance to the opinions of Plaintiff's artists, none of whom are parties in the present case, and none of whom have any knowledge of copyright law. Further, the requests seeking these documents were extremely broad and were served less than 30 days prior to the scheduled depositions. Therefore, these requests failed to satisfy the timing requirements of Federal Rule of Civil Procedure 34. As a result, the Court denies Defendant's motion with respect to these documents.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendant's Motion to Compel Production of Documents (Doc. No. 49) is **DENIED IN PART AND DENIED AS MOOT IN PART.**

Dated: July 1, 2003

SUSAN RICHARD NELSON
United States Magistrate Judge